J-A03018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF: JOSEPH L. GRAHEK, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DAVID J. GRAHEK, PHILIP L. GRAHEK, KATHLEEN G. CONNAL, JAMES V.A. GRAHEK, STEVEN P. GRAHEK | No. 554 MDA 2016 |

Appeal from the Order Entered March 11, 2016
In the Court of Common Pleas of Lancaster County
Orphans' Court at No: 36-1976-1376

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 27, 2017**

Appellants, David J. Grahek, Philip L. Grahek, Kathleen G. Connal, James V.A. Grahek, and Steven P. Grahek, appeal from the March 11, 2016 order adjudicating the account[1] of Wells Fargo Bank, N.A. (the "Trustee"). We affirm.

This matter concerns a trust (the "Trust")[2] created under the October 1, 1971 will of Joseph L. Grahek, deceased.  The Trust's asset was income-

---

[1] **See** Pa. O.C. Rule 2.9.

[2] There are two trusts at issue in this litigation.  The parties reference them as Trust A and Trust B.  For purposes of this memorandum, we shall refer to both as the Trust.
(Footnote Continued Next Page)

producing property (the "Property") located in Orange County, California.[3]
Marion Grahek ("Mrs. Grahek"), the decedent's wife was the Trust's income
beneficiary during her lifetime. Appellants David J. Grahek and Philip L.
Grahek were remainder beneficiaries.[4] The Trust produced $200,000 to
$300,000 per year in income for Mrs. Grahek.

On August 28, 2006, the Trust sold the Property because it was under
threat of eminent domain from the Orange County School District. The
Trustee planned to reinvest the sale proceeds—$8.7 million[5]—in like-kind
property in order to avoid the capital gains tax. Section 1033 of the Internal
Revenue Code permits conversion of property without recognition of a
capital gain if the property in question is under threat of eminent domain.
26 U.S.C.A. § 1033. In this case, a qualifying 1033 exchange needed to
occur before the end of 2009.

*(Footnote Continued)* ───────────────

[3] We culled our summary of facts from the orphans' court's March 11, 2016 memorandum.

[4] Mrs. Grahek died on October 16, 2013. Appellants Kathleen G. Connal, James V. A. Grahek and Steven P. Grahek did not participate in this litigation and were never listed in the caption until the notice of appeal. Opinion Sur Appeal, 6/2/2016, at 1 n.2. The orphans' court questioned the standing of these parties. *Id.* Neither side briefed the issue, and we have no need to address it.

[5] The net gain on the sale was $8.2 million.

The Trustee invested roughly $2.1 million of the sale proceeds in money market accounts. That amount would eventually cover the down payment on a replacement property or the capital gains tax. The Trustee intended to obtain nonrecourse financing for the remainder of the purchase price of a replacement property. The Trustee planned to find a replacement property that would produce sufficient income to cover the mortgage. The Trustee invested the remainder of the Property sale proceeds, roughly $6.5 million, in a stock portfolio. The Trustee believed its strategy would continue to produce income for Mrs. Grahek and increase the principal value for the remainder beneficiaries. Appellants agreed with the Trustee's plan.

During the financial crisis of 2008, nonrecourse financing became temporarily unavailable and the Trust's investment portfolio lost some of its value. Dissatisfied with the situation, Appellants David J. Grahek and Philip L. Grahek petitioned to remove Wells Fargo as trustee. By agreement, David and Philip Grahek accepted appointments as trustees *pro tem*. In 2009, under their direction, the Trust purchased properties in Chattanooga Tennessee and Canton, Georgia. The Trust did not have to pay a capital gains tax.

On October 29, 2010, Appellants filed a petition to compel the filing of an account.[6] The Trustee filed its first account on January 14, 2011.

---

[6] *See* 20 Pa.C.S.A. § 7797.

Appellants filed objections to the account on March 1, 2011. The Trustee filed a motion for judgment on the pleadings on June 1, 2011. The orphans' court denied that motion on January 23, 2012. The parties filed a joint stipulation of facts on March 26, 2015. Appellants filed amended objections two days later. The orphans' court conducted four days of hearings, the last of which occurred on April 10, 2015. The orphans' court entered the order on appeal on March 11, 2016. Appellants filed this timely appeal on April 8, 2016.

Appellants state the questions involved as follows:

1. Did the orphans' court err as a matter of law in concluding that the five-year investment horizon pursued by [the Trustee] satisfied the requirements of the prudent investor rule when [the Trustee] acknowledged that the maximum investment horizon was only three years and four months, and [the Trustee] was notified six months before the market crashed that 100% of the assets would be needed to complete the 1033 exchange?

2. Did the orphans' court err as a matter of law in approving [the Trustee's] compensation in light of its breach of fiduciary duty?

Appellants' Brief at 4.[7]

_____

[7] The orphans' court, in its June 2, 2016 opinion sur appeal, notes that Appellants' questions presented differ in certain details from the issues they raised in their objections to the account. Likewise, Appellee asserts that Appellants have waived their arguments on appeal because they never raised them at trial (a violation of Pa.R.A.P. 302(a)), or because they are not included in Appellants' concise statement of errors (resulting in waiver under Pa.R.A.P. (b)(4)(vii)). As set forth in the main text, we conclude that the trial court's March 11, 2016 opinion provides a sufficient basis for this
*(Footnote Continued Next Page)*

- 4 -

The following standard governs our review:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Estate of Fuller*, 87 A.3d 330, 333 (Pa. Super. 2014). Further, we are cognizant that "one who seeks to surcharge a trustee bears the burden of proving that the trustee breached an applicable fiduciary duty." *In re Dentler Family Trust*, 873 A.2d 738, 745 (Pa. Super. 2005), *appeal denied*, 897 A.2d 1184 (Pa. 2006).

Instantly, the orphans' court found no breach of fiduciary duty. Rather, the orphans' court found that the Trustee met its legal obligations; that the Trustee's plan sufficiently provided for the interests of the income and remainder beneficiaries; and that a financial crisis of historic proportions was unforeseeable. Having reviewed the record, the parties' briefs, the applicable law, and the orphans' court's opinion, we adopt the orphans' court's March 11, 2016 opinion as our own. The orphans' court's thoroughly

*(Footnote Continued)* ───────────

Court's review and an accurate analysis of the substance of Appellants' objections to the account and arguments on appeal. To the extent Appellants intended to raise any issues not addressed in the trial court's March 11, 2016 opinion and/or not previously preserved in accordance with the Rules of Appellate Procedure, we deem such issues waived.

and accurately explains the lack of merit in each of Appellants' objections to the Trustee's account. We direct that a copy of the orphans' court's opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017